IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

---

| | |
|---|---|
| ESTER MOORE, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | No. 2:24-cv-02600-MSN-atc |
| ) | |
| SHELBY COUNTY GOVERNMENT, ) | |
| WANDA HALBERT, BOBBY ) | |
| GRANDBERRY, and EDWARD BOWDEN, ) | |
| ) | |
|     Defendants. ) | |

---

### REPORT AND RECOMMENDATION FOR *SUA SPONTE* DISMSSAL

---

On August 22, 2024, Plaintiff Ester Moore, a resident of Memphis, Tennessee, filed a *pro se* Complaint, along with a motion to proceed *in forma pauperis*. (ECF Nos. 1, 3.) On September 27, 2024, the Court granted Moore's motion to proceed *in forma pauperis*. (ECF No. 9.) Pursuant to Administrative Order No. 2013-05, this case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate.

For the reasons discussed below, the Court recommends that Moore's complaint be dismissed *sua sponte*, pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), for failure to state a claim upon which relief may be granted.

### PROPOSED FINDINGS OF FACT

On August 22, 2024, Moore filed the Complaint alleging claims against her employer, the Shelby County Government ("Shelby County"); Wanda Halbert, Shelby County Clerk; Bobby Grandberry, Deputy Administrator and Facility Manager; and Edward Bowden, Human

Resources Administrator, for violations of the Occupational Safety and Health Act, 29 U.S.C. § 651, *et seq.* ("OSHA"), and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"),[1] and for negligent infliction of emotional distress.  (ECF No. 1.)  Moore's claims arise from what she describes as her allergy to "pork grease and its smell." (*Id.* at ¶ 9.)  As alleged in her Complaint, in May and August of 2023, Moore notified Defendants of her allergy in person and via email, indicating "that it was also offensive to me religiously." (*Id.* at ¶¶ 9, 10.)  Nonetheless, she alleges that, on October 20, 2023, "pork was cooked in an unsafe manner at Plaintiff's workplace, causing her to become extremely ill, requiring medical attention, and resulting in ongoing health issues, depression and emotional distress." (*Id.* ¶ 11.)  She alleges that "the spread of pork grease throughout the building[] creat[ed] an unsafe, hazardous, and hostile work environment." (*Id.* ¶ 12.)

## **PROPOSED CONLUSIONS OF LAW**

### I.      **28 U.S.C. § 1915(e)(2) Screening**

Under Local Rule 4.1(b)(2), the Clerk of the Court will only issue summonses in cases with non-prisoner *pro se* plaintiffs who are proceeding *in forma pauperis* at the Court's direction after the Court conducts a screening under 28 U.S.C. § 1915(e)(2)(B).  Under that provision, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief

---

[1] To bring a lawsuit in federal court under Title VII, a party must first obtain a right-to-sue letter from the Equal Employment Opportunity Commission.  *Rivers v. Barberton Bd. of Educ.*, 143 F.3d 1029, 1032 (6th Cir. 1998).  Moore did not attach a right-to-sue letter to her Complaint, and, on November 18, 2024, the Court ordered Moore to file a copy of the letter by December 2, 2024.  (ECF No. 11.)  When Moore failed to do so, District Judge Mark S. Norris entered an order on January 3, 2025, dismissing Moore's Title VII claim without prejudice for failure to prosecute pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 12.)

against a defendant who is immune from such relief." This Report and Recommendation constitutes the Court's screening.

## II.     Standard of Review for Failure to State a Claim

To determine whether Moore's Complaint states a claim for which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as articulated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). "Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 555 (internal citations and quotations omitted). The Court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012).

Pleadings provide facial plausibility when they present "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests.").

"[A] pleading filed *pro se* is to be liberally construed and held to less stringent standards than a pleading filed by counsel." *Kondaur Cap. Corp. v. Smith*, 802 F. App'x 938, 945 (6th Cir.

2020) (citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007)); s*ee also Vandiver v. Vasbinder*, 416 F. App'x 560, 562 (6th Cir. 2011) (finding the less stringent standard applies to *pro se* complaints, "however inartfully pleaded"). Nevertheless, *pro se* litigants "are not exempt from the requirements of the Federal Rules of Civil Procedure." *Wright v. Penguin Random House*, 783 F. App'x 578, 581 (6th Cir. 2019) (citing *Fox v. Mich. State Police Dep't*, 173 F. App'x 372, 376 (6th Cir. 2006)); *see also Young Bok Song v. Gipson*, 423 F. App'x 506, 510 (6th Cir. 2011) ("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, but it would also transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue."); *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) ("[A] court cannot 'create a claim which a plaintiff has not spelled out in his pleading.'") (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)). "A pro se complaint must still 'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Shelby v. Greystar Mgmt. Servs., L.P.*, No. 2:17-cv-02650-SHM-cgc, 2018 WL 386647, at *2 (W.D. Tenn. Jan. 11, 2018) (quoting *Barnett v. Luttrell*, 414 F. App'x. 784, 786 (6th Cir. 2011)).

### III.   OSHA Violations

Moore seeks to assert a claim against Defendants for violating OSHA. However, OSHA does not create a private right of action. *Ellis v. Chase Commc'ns, Inc.*, 63 F.3d 473, 478 (6th Cir. 1995) ("OSHA regulations can never provide a basis for liability. The Act itself explicitly states that it is not intended to affect the civil standard of liability.") (citing 29 U.S.C.

§ 653(b)(4); *Minichello v. U.S. Indus., Inc.*, 756 F.2d 26, 29 (6th Cir. 1985)).  Accordingly, it is recommended that Moore's claim under OSHA be dismissed.

### IV.     Negligent Infliction of Emotional Distress

With Moore's federal claims disposed of, her sole remaining claim is for negligent infliction of emotional distress under Tennessee law.  A federal district court may decline to exercise supplemental jurisdiction over a state-law claim if it has "dismissed all claims over which it has original jurisdiction."  28 U.S.C. § 1367(c)(3); *see also* § 1367(a) (providing that a federal district court can exercise "supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution").  "A federal court that has dismissed all federal claims should not ordinarily reach state-law claims."  *Roker v. Twentieth Century Fox*, No. 21-cv-2411-SHM-tmp, 2023 WL 121998, at *2 (W.D. Tenn. Jan. 6, 2023), *appeal dismissed*, No. 23-5067, 2023 WL 3467008 (6th Cir. Mar. 7, 2023) (citing *Moon v. Harrison Piping Supply*, 465 F.3d 719, 728 (6th Cir. 2006)).

Because Moore's Title VII claim has been dismissed, and this Report and Recommendation recommends dismissal of her OSHA claim, it is further recommended that the Court decline to exercise supplemental jurisdiction over her state-law claim for negligent infliction of emotional distress.  It is therefore recommended that the Complaint be dismissed in its entirety.

## **RECOMMENDATION**

For the reasons set forth above, it is recommended that Moore's Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim for which relief may be granted.

Respectfully submitted this 11th day of March, 2025.

s/Annie T. Christoff
ANNIE T. CHRISTOFF
UNITED STATES MAGISTRATE JUDGE

## **NOTICE**

Within fourteen (14) days after being served with a copy of this report and recommendation disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute forfeiture/waiver of objections, exceptions, and further appeal.